**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| MICROSOFT CORPORATION, Plaintiff, vs. VIDEO UPDATE, INC., DAN HOWARD and SUFIAN ABU, Defendants. | Case No. 00-1245 MJD/JGL **STIPULATED PROTECTIVE ORDER** |

Upon joint application by plaintiff Microsoft Corporation ("Microsoft") and defendants Video Update, Inc. ("Video Update"), Dan Howard, and Sufian Abu (referred to collectively as "Defendants"), and good cause appearing therefore, **IT IS HEREBY ORDERED** that the following confidentiality provisions shall apply to materials and information that may be produced in connection with this action:

1. Designated Material. Any information or material produced, formally or informally, in connection with discovery in this action and any material lodged with the Court may be designated under this Order by any party, or by the person or entity, including nonparties to this litigation, producing or lodging it ("Designating Person"). All such information and material and all information or material derived from it constitutes "Designated Material" under this Order. The designation may be made for the purposes of avoiding invasion of individual privacy and of protecting proprietary information,

FILED JUN 21 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

confidential business information and/or trade secrets relating to the Designating Person's business. The designation shall be either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" as described below. Any information and material not so designated falls outside the scope of this protective order and is not subject to the confidentiality protections described herein.

2. Criteria for Designation.

(a) "CONFIDENTIAL." Designating Person may designate documents, discovery responses, testimony or information as "CONFIDENTIAL" if the Designating Person reasonably believes that the documents, discovery responses, testimony or information embody (a) sensitive competitive financial, investigative or other business confidential information, including, without limitation, customer or supplier lists, budgets, financial statements, and accountant's computations; (b) sensitive personal information; (c) other sensitive material that the Designating Person does not customarily disclose to the public; or (d) third-party documents or information that the third-party currently maintains as CONFIDENTIAL and is seeking to maintain as CONFIDENTIAL for purposes of this action.

(b) "CONFIDENTIAL – ATTORNEYS ONLY." A Designating Person may designate documents, responses, testimony or information as "CONFIDENTIAL – ATTORNEYS ONLY" if (a) the Designating Person reasonably believes that such documents, responses, testimony or information are "CONFIDENTIAL" documents, testimony or information pursuant to paragraph 2(a) above, and (b) that the confidentiality of such documents, responses, testimony or information cannot be adequately maintained so as to protect the reasonable interests of the Designating Person in maintaining their

confidentiality, unless the disclosure of such documents, responses, testimony or information is limited to the persons to whom "CONFIDENTIAL – ATTORNEYS ONLY" documents, responses, testimony or information may be disclosed pursuant to this Stipulation and Order.

3. Access to Designated Material. Except with respect to the categories of Designated Materials identified in Paragraph 4, Designated Material shall not be used or disclosed for any purposes other than the litigation of this action, and may be disclosed only as follows:

(a) Parties/Insurance Carriers. Material designated "CONFIDENTIAL" may be disclosed to those officers, directors, in-house counsel (including their legal associates and regularly employed office staff), members and/or employees of parties or insurance carriers for the parties to this action whose advice or input is needed to assist in the preparation of the party's case and who have agreed in writing to be bound by this Order. A copy of the form agreement is attached as Exhibit "A".

(b) Outside Counsel. Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" may be disclosed to outside counsel for parties to this action and counsel of record for parties to this action, their legal partners, of counsel, associates, contract attorneys, legal assistants, case clerks, office staff, and commercial litigation support services, such as copy centers, outside court reporting services, and court reporters, who are working directly on this litigation under the supervision of such attorneys.

(c) In-House Counsel. Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" may be disclosed to no more than two designated in-house counsel for each party (as well as their legal associates and regularly employed office staff), provided that the role of each such in-house counsel is to serve exclusively as internal

legal counsel for that party. The parties shall make written designations for in-house counsel under this provision within three (3) business days after this stipulation is executed on their behalf by outside counsel.

A party may challenge the propriety of the other party's designations of in-house counsel pursuant to this provision by serving within three (3) business a written objection setting forth with particularity the basis for its objection to the other party's in-house designation. Within two (2) business days after delivery and receipt of such a written objection, the parties shall confer in good faith to resolve the disagreement. Access to material designated as "CONFIDENTIAL – ATTORNEYS ONLY" shall be given to the in-house counsel who is the subject of the disagreement unless within ten (10) business days after delivery of the written objection, the objecting party has filed and served a motion for a protective order to preclude the in-house counsel who is the subject of the disagreement from having access to material designated "CONFIDENTIAL – ATTORNEYS ONLY." In the event such a motion is filed, such access will be denied pending entry of an Order by the Court or by agreement of the parties permitting such access. The Court may award sanctions on a motion concerning the designation of in-house counsel if it finds that any party's position with respect to the designation was taken without substantial justification.

(d) Consultants. Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" may be disclosed to independent consultants and their office staff who have been retained by counsel for any party and who have agreed in writing to be bound by this Order. Nothing in this paragraph shall require any party to disclose its consultants to any adverse party other than as required under the Federal Rules of Civil Procedure or by order of this Court.

(e) Court Personnel. Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" lodged with the Court under seal may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court.

(f) Authors and Addressees. Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" may be disclosed to any person who appears as an author, addressee or recipient on the face of the document.

(g) Other Persons. All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party.

4. Limitations on Protective Order. Notwithstanding any other provisions of this Order, Microsoft may (a) use and disclose CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY material in order to investigate and/or assist in prosecution of criminal or civil actions involving copyright or trademark infringement or any criminal violations against parties or entities other than the defendants in this matter and may provide CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY material to law enforcement officials upon such officials' request; and (b) use and disclose CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY material that indicates or refers to suppliers or purchasers of genuine or purported Microsoft Software or any other products or component parts of products bearing any of the Microsoft trademarks for purposes of investigation and institution of civil or criminal proceedings against any party, including parties other than the defendants in this action.

Prior to any disclosure of CONFIDENTIAL or CONFIDENTIAL –

ATTORNEYS ONLY material pursuant to this provision, Microsoft will provide defendants with written notice of the material it intends to disclose. Microsoft shall be permitted to proceed with the disclosure of such material unless defendants serve within ten (10) business days after delivery of Microsoft's notice a writing which sets forth with particularity the basis for defendants' objection to Microsoft's disclosure of such material. Within two (2) business days after delivery and receipt of such a written objection, the parties shall confer in good faith to resolve the disagreement. If the parties are unable to reach an informal resolution, Microsoft shall be permitted to proceed with the disclosure of such material unless within three (3) business days after the conference, the defendants have filed and served a motion for a protective order to preclude disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY material. In the event such a motion is filed, Microsoft will not make any such disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY material pending entry of an Order by the Court or by agreement of the parties permitting such disclosure.

5. Custody of Designated Materials. Except as provided in Paragraph 4, all documents containing information designated "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS ONLY" and notes or other records regarding such information shall be maintained in the custody of the attorneys to whom the documents and information have been disclosed, and no partial or complete copies or extracts thereof shall be retained by anyone else at any location, except that consultants may retain documents, notes and records on a temporary basis for purpose of study, analysis and preparation of the case. A person having custody of any Designated Material shall maintain it in a manner that limits access to qualified persons.

6. Designating Documents. Documents shall be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" and shall have each page of all such documents and exhibits marked as such. The documents shall be marked prior to production. Alternatively, the Designating Person may elect to refrain from designating specific documents or material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" until after the inspecting party has selected specific documents and/or materials for copying. In such event, the Designating Person shall inform the other party prior to producing the documents or material for production that all such documents and material should be considered "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" for purposes of the inspection. Thereafter, upon selection of specified documents and material for copying by the inspecting party but before the production of such copies, the Designating Person shall designate any "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" material thus produced in accordance with this Order.

Designated Material which is not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manners set forth or described herein shall be designated by the Designating Person by informing the receiving party in writing. In the event a party believes that documents or information produced by another party or a third party should be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS ONLY" that party shall identify all documents by production or "Bates" number and promptly inform all parties of the designation.

7. Designating Depositions.

(a) Deposition transcripts or portions thereof may be designated either: (i) before the testimony is recorded, in which case the transcript of the designated testimony

shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within twenty (20) business days after receipt of the complete transcript from the reporter or upon notice from the court reporter that such transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the twenty (20) business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL – ATTORNEYS ONLY." For convenience, if a deposition transcript contains repeated references to Designated Material which cannot conveniently be segregated from non-designated material, any party may request that the entire transcript be maintained as CONFIDENTIAL.

(b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 3 of this Order.

(c) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, or examine any witness about Designated Material, provided that the deposition witness is one to whom the Designated Material may be disclosed under Paragraph 3 of this Order and the exhibit, if any, and related transcript pages receive the same confidentiality designation as the original Designated Material.

8. Court Procedures.

(a) The parties agree that the employees of the Court or the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court.

(b) In applications and motions to the Court, all submissions of Designated Material shall be lodged (not filed) with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

(c) The submission shall indicate clearly which portions are designated to be confidential. A copy of this Order shall be submitted with the lodged materials. Lodged materials shall be returned by the Court to the submitting party immediately after the hearing or as early as is otherwise practicable. The materials shall then be preserved by the submitting party for the duration of the action.

(d) The parties to this lawsuit shall be responsible for moving the Court to hold in camera any hearing which may refer to or describe Designated Materials.

9. Designations to be Reasonable.

(a) The parties will use reasonable care to avoid designating any documents or information as "CONFIDENTIAL" that are generally available to the public.

(b) The parties will use reasonable care to avoid designating any documents or information as "CONFIDENTIAL – ATTORNEYS ONLY" for which the designating party does not have a good faith belief that the document or information satisfies the criteria set forth in paragraph 2.

10. Objections. A party may challenge the propriety of any designation under this Order at any time. The parties shall then meet and confer in good faith regarding the challenged designation. If the parties are unable to resolve the disagreement, a challenge may be made by serving on all parties a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged, state the basis for each challenge, and propose a new designation for each item. The challenged material shall be deemed redesignated as proposed unless within fifteen (15) days after service (or twenty (20) days if service is by mail) the Designating Person has filed and served a motion for a protective order to maintain the original designation or to designate the material otherwise. The original designations shall remain effective until ten (10) days after entry of an order redesignating the materials. The Court may award sanctions on a motion concerning the designation if it finds that any party's position with respect to the designation was taken without substantial justification.

11. No Prejudice.

(a) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(b) Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action. The designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" pursuant to this Order,

shall not be construed as a concession by the producing party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, a trade secret or confidential research, development, or commercial information.

(c) A party may seek by stipulation or court order to make late designations of material otherwise entitled to protection under this Order if the party failed to make a timely Designation through mistake or inadvertence.

12. Inadvertent Production of Privileged Materials. The inadvertent production of any document or thing shall be without prejudice to a claim that such material is protected by the attorney-client privilege or protected from discovery as work product. If within a reasonable time after materials are disclosed, a Designating Person asserts that such materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such material are returned to the Designating Person. Nothing in this section shall preclude a party from challenging the propriety of the claim of privilege in accordance with the Federal Rules of Civil Procedure.

13. Error in Designation. The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related

subject matter. Any error in designation shall be corrected within a reasonable time after the Designating Person becomes aware of the error.

14. Final Disposition. Upon final termination of this action and at the written request of the Designating Person, all Designated Material and all copies, extracts and summaries thereof shall be returned to the person that produced the material or destroyed. However, counsel of record may retain copies of pleadings, attorney and consultant work product, and deposition transcripts for archival purposes.

15. Modification and Survival. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties, by stipulation read into a court record or deposition record, or by order of this Court. This Order shall survive termination of this action.

16. Restrictions. Nothing in this Order shall impose any restriction on the use or disclosure by a party of its own information and documents or information and documents obtained independently from public sources.

17. Binding Effect. As among the parties and their counsel, this Order shall take effect upon execution of this Order by counsel for the parties.

Dated: June 20, 2000

FAEGRE & BENSON LLP

Felicia J. Boyd, #186168
Julie Knox Chosy, #225228
Eunice P. de Carvalho, #257473
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 336-3000

**Attorneys for Plaintiff**
**Microsoft Corporation**

Dated: June 20, 2000

RIDER, BENNETT, EGAN & ARUNDEL LLP

William P. Wassweiler, #232348
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
(612) 340-7973

**Attorneys for Defendant**
**Video Update, Inc.**

M2:20318494.03

**IT IS SO ORDERED.**

Dated: June 21, 2000

By: ______________________
Honorable Jonathan G. Lebedoff
United States Magistrate Judge

EXHIBIT A

The undersigned hereby acknowledges that he/she has read the STIPULATED PROTECTIVE ORDER which was entered by the Court on ____________________ 2000, in Microsoft Corporation v. Video Update, Inc., et al., Civil Case No. 00-1245 MJD, that he/she is one of the persons contemplated in paragraph 3 thereof as authorized to receive disclosure of RECORDS designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" by any of the parties or by third parties, and that he/she fully understands and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the District of Minnesota for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

______________________________

(Print Name)

______________________________

(Signature)

______________________________

(Title or Position)

Dated: ________________________, 2000

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.